# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JESSE GUZMAN,**　　　　　　　　　　　　　　CASE NO. 3:23 CV 1193

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**USAA FEDERAL SAVINGS BANK, et al.,**

　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
　　Defendants.　　　　　　　　　　　　　　**ORDER**

## INTRODUCTION

Before the Court is Defendant Nationstar Mortgage LLC dba Mr. Cooper's ("Nationstar") Petition for Interlocutory Appeal. (Doc. 27). Nationstar moves this Court to certify its May 3, 2024, Order denying Judgment on the Pleadings for Interlocutory Appeal to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(b). (Doc. 27).[1] Plaintiff Jesse Guzman opposes. (Doc. 29). For the reasons set forth below, the Court denies Nationstar's petition.

## BACKGROUND

On June 15, 2023, Plaintiff filed this action against Nationstar and USAA Federal Savings Bank. (Doc. 1). Plaintiff filed an Amended Complaint on August 28, 2023. (Doc. 15). On

---

1. Nationstar erroneously filed its interlocutory appeal petition with the Sixth Circuit Court of Appeals prior to filing it with this Court as required by statute. Plaintiff construed the motion as properly before this Court in responding to it, and Nationstar has represented this was its intention. *See Guzman v. USAA Fed. Savings Bank et al.*, No. 24-3425 (6th Cir.) (Doc. 9, at 2) ("Mr. Cooper did not intend or attempt to directly appeal the District Court's Order to this Court. Instead, Mr. Cooper moved to seek approval for an interlocutory appeal in the District Court. As such, if and when the District Court agrees, a new appeal will be initiated with this Court."). The Court therefore construes Nationstar's filing (Doc. 27) as a motion to certify the Court's May 3, 2024, Order for interlocutory appeal.

September 20, 2023, Nationstar filed an Answer (Doc. 18) to the Amended Complaint and a Motion for Judgment on the Pleadings. (Doc 20). On May 3, 2024, this Court issued a Memorandum Opinion and Order denying Nationstar's Motion for Judgment on the Pleadings. (Doc. 26). On May 13, 2024, Nationstar filed this Petition with both this Court and the Sixth Circuit Court of Appeals. (Doc. 27); *see also Guzman v. USAA Fed. Savings Bank et al.,* No. 24-2435 (6th Cir.).

**STANDARD OF REVIEW**

Generally, 28 U.S.C. § 1291 allows for appeals only from "final decisions of the district courts of the United States." However, pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). To prevail on a motion under § 1292(b), the moving party must show: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) "[R]eview under § 1292(b) should be the exception, granted only in an extraordinary case." *In re Gen. Motors, LLC*, 2019 WL 8403402, at *1 (6th Cir.) (citation omitted). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *2 (E.D. Tenn.). Therefore, "doubts regarding appealability . . . [should be] resolved in favor of

finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995) (citation omitted). "[E]ven where the statutory criteria are met," the Court still retains "broad discretion to deny certification." *In re Transdigm Grp., Inc. Sec. Litig.*, 2018 WL 11227556 (N.D. Ohio) (internal quotation omitted). Section 1292(b) "confer[s] on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

## DISCUSSION

Nationstar asks this Court to certify five issues for review:

**A.** Mr. Cooper did not violate 12 C.F.R. § 1024.41(b) with regard to the May 2021 Application and as a result, the October 2021 Application was a duplicate request under 12 C.F.R. § 1024.41(i).

**B.** The reasonable diligence requirement under 12 C.F.R. § 1024.41(b)(1) does not apply to a servicer's internal policies and procedures for its collection of documents needed for a complete loss mitigation application under 12 C.F.R. § 1024.41(b)(1).

**C.** 12 C.F.R. § 1024.41(b)(1) does not require Mr. Cooper to provide speedy hold times and a specific level of customer service when collecting documents required for a complete loss mitigation application.

**D.** Mr. Cooper is not subject to the Ohio Consumer Sales Practices Act ("CSPA") because the alleged consumer transaction that forms the basis for Plaintiff's claims relate solely to Mr. Cooper's actions taken in its servicing of the Loan and Mr. Cooper's status as the assignee of the Loan does not change that conclusion.

**E.** Plaintiff failed to properly plead a claim under the Residential Mortgage Lending Act ("RMLA") codified at R.C. § 1322.40(B).

(Doc. 27, at 3). Nationstar asserts all the elements under 28 U.S.C. § 1292(b) are satisfied as the issues are all questions of law; a substantial ground for difference of opinion exists because "this Court did not consider exhibits that contradicted Plaintiff's unsupported factual allegations when determining Plaintiff had plausibly stated a claim for relief"; and an immediate appeal may narrow the scope of issues due to the interrelated nature of the claims. *See* Doc. 27. Plaintiff concedes

3

Nationstar has met the first element for certification but argues it has not satisfied the second or third element, and thus its interlocutory petition should be denied. *See* Doc. 29.

The Court finds Nationstar has not satisfied the second requirement under 28 U.S.C. § 1292(b). Therefore, it need not reach the other criteria to determine whether to certify the Order for appeal under § 1292(b) and denies Nationstar's request.

Substantial Ground for Difference of Opinion

Nationstar argues there is a substantial ground for difference of opinion regarding the Court's decision because "the Court did not consider exhibits that contradicted Plaintiff's unsupported factual allegations when determining Plaintiff had plausibly stated a claim for relief." (Doc. 27, at 4). In response, Plaintiff asserts Nationstar has not shown the issues meet the standard for substantial ground for difference of opinion as defined by the Sixth Circuit. Plaintiff argues Nationstar merely rehashes arguments it made in its motion for judgment on the pleadings. (Doc. 29, at 3-4).

The Court finds that Nationstar's argument, which relies on alleged contradictions of Plaintiff's factual allegations to establish a substantial ground for difference of opinion, is a misapplication of the second factor. "Courts traditionally will find that a substantial ground for difference of opinion exists where":

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Buccina,* 657 F. App'x 350, 351 (6th Cir. 2016) (quoting *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation and internal quotation marks omitted)). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not

4

merely where they have already disagreed." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (citation omitted). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id* (citation omitted).

In this case, Nationstar has not demonstrated a substantial ground for difference of opinion. Nationstar does not argue the question is novel or difficult, nor cites to differences of opinion within the Sixth Circuit or between the Sixth Circuit and other circuits. Instead, in discussing this requirement, the Court finds that Nationstar primarily reargues the same points raised in its motion for judgment on the pleadings, which this Court has already considered and addressed. "Disagreement with the Court is not a sufficient reason to certify this question for appeal to the Sixth Circuit." *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 330 (M.D. Tenn. 2021) As *Gieringer* explains, "the element of substantial ground for difference of opinion requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard." 2010 WL 2572054, at *3 (citation omitted).

The Court finds Nationstar has failed to demonstrate a substantial ground for difference of opinion under 28 U.S.C. § 1292(b). Certification is designed to be used sparingly and in extraordinary cases. This mortgage servicing dispute suit is not extraordinary, and certification of this dispute would not constitute a sparing use of § 1292(b).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

5

Case: 3:23-cv-01193-JRK Doc #: 30 Filed: 06/20/24 6 of 6. PageID #: 1064

ORDERED that Nationstar's Motion to Certify the Order to the Sixth Circuit Court of Appeals Pursuant to 28 U.S.C. § 1292(b) (Doc. 27) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2024

6